# In the United States Court of Federal Claims

No. 21-1148C
(Filed:  November 1, 2021)

```
*************************************
DEREK N. JARVIS,                     *
                                     *
            Plaintiff,               *
                                     *
v.                                   *      Pro Se Plaintiff; Motion for
                                     *      Reconsideration
THE UNITED STATES,                   *
                                     *
            Defendant.               *
*************************************
```

Derek N. Jarvis, Silver Spring, MD, pro se.

Borislav Kushnir, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

**SWEENEY**, Senior Judge

     Plaintiff Derek N. Jarvis, proceeding pro se, moves for reconsideration of the court's dismissal of his claims, relying on Rule 59 of the Rules of the United States Court of Federal Claims ("RCFC").  As the court stated in its prior opinion, Mr. Jarvis's primary claim is one for reparations to compensate him for the "historic treatment of enslaved persons and Native Americans by the United States."  Jarvis v. United States, No. 21-1148C, 2021 WL 3672165, at *5 (Fed. Cl. Aug. 19, 2021), appeal docketed, No. 22-1006 (Fed. Cir. Oct. 1, 2021).  The court concluded that there is no jurisdiction for such a claim in this court.  Id. at *6.  Similarly, Mr. Jarvis's references to treaties between Native American tribes and the United States were insufficient to support jurisdiction in this court for his claims.  Id. at *4.  The court also found that Mr. Jarvis's breach-of-trust claim against the United States in its role as trustee for the interests of Native Americans, a claim he presented for the first time when opposing defendant's motion to dismiss, was jurisdictionally infirm.[1]  Id. at *5.

---

[1]  The court also addressed jurisdictional barriers that foreclosed any claims in the complaint against nongovernmental entities, as well as civil rights claims, equal protection and due process claims, tort claims, and unjust enrichment claims.  Jarvis, 2021 WL 3672165, at *3-4.  Because Mr. Jarvis's motion for reconsideration focuses primarily on his treaty, breach-of-trust, and reparations claims, the court's rulings on the other claims possibly discerned in the complaint will not be discussed here.

Mr. Jarvis asserts that the court committed a number of errors when dismissing his complaint.  For the reasons set forth below, the court disagrees with his assessment and denies Mr. Jarvis's motion.

## I.  BACKGROUND

Mr. Jarvis filed his complaint in this court on March 29, 2021.  The court read the document closely to discern the nature of the claims therein.  The first heading of the complaint reads as follows:  "INTRODUCTION-SLAVERY REPARATIONS/RESTITUTION-DEPRIVATION OF RIGHTS 42 U.S.C. 1982, 42 U.S.C. 1986-PLAINTIFF IS DIRECT DESCENDANT OF THE CHEROKEE FREEDMEN, ENTITLED TO BENEFITS OF CHEROKEE NATION."  Compl. 1.  The court dismissed the reparations claims because Mr. Jarvis did not point to any statute mandating the payment of reparations claims of this nature by the United States.  See Jarvis, 2021 WL 3672165, at *6 (noting that a plaintiff must identify a money-mandating source of law to bring a claim under the Tucker Act (citing Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008)).

Mr. Jarvis also referenced, in particular, the Treaty with the Cherokee of 1866.  Compl. 3-5, 17.  Mr. Jarvis did not, however, identify any provision of this treaty that provided a money-mandating source of law for his claims.  This claim, too, was dismissed for lack of jurisdiction.  Jarvis, 2021 WL 3672165, at *4.

As for the breach-of-trust claim, also styled as a claim for breach of fiduciary duty, Mr. Jarvis invoked the recognition by courts of a duty "running from the United States to Indian Tribes because of specific treaties, obligations and a network of statutes that by their own terms impose specific duties [on] the government."  Pl.'s Resp. 5.  However, when the court applied the jurisdictional test for such a breach-of-trust claim, it found that Mr. Jarvis had not identified a specific source of law that established the necessary trust relationship with the United States.  See Jarvis, 2021 WL 3672165, at *5 ("Mr. Jarvis has not identified any statutes or regulations that would create a trust relationship between the United States and a descendant of the Cherokee, Powhatan, and Iroquois tribes such as himself.").  Finding no jurisdiction for a breach-of-trust claim, the court was obliged to dismiss it.

The court issued its decision dismissing Mr. Jarvis's complaint on August 19, 2021.  Mr. Jarvis then filed his motion for reconsideration on August 30, 2021.  The court did not require a response from defendant, and oral argument is unnecessary.

## II.  STANDARD OF REVIEW

A motion for reconsideration under RCFC 59 is a request for extraordinary relief and is not to be used by a dissatisfied party to relitigate the case.  See Caldwell v. United States, 391 F.3d 1226, 1235 (Fed. Cir. 2004); Four Rivers Invs., Inc. v. United States, 78 Fed. Cl. 662, 664 (2007); Fru-Con Constr. Corp. v. United States, 44 Fed. Cl. 298, 300 (1999), aff'd per curiam, 250 F.3d 762 (Fed. Cir. 2000) (table).  Consequently, such a motion "does not provide an occasion for a party 'to raise arguments that it could have raised previously, but did not'" or to

"reassert arguments that the Court already has considered." Four Rivers Invs., Inc., 78 Fed. Cl. at 664 (quoting Browning Ferris Indus., Inc. & Subsidiaries v. United States, No. 05-738T, 2007 WL 1412087, at *1 (Fed. Cl. May 10, 2007)).  However, the court may grant a motion for reconsideration "when there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice." Biery v. United States, 818 F.3d 704, 711 (Fed. Cir. 2016) (quoting Young v. United States, 94 Fed. Cl. 671, 674 (2010)).  "The decision whether to grant reconsideration lies largely within the discretion of the [trial] court." Yuba Nat. Res., Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir. 1990); accord Biery, 818 F.3d at 711.

### III. DISCUSSION

In his motion for reconsideration, Mr. Jarvis discusses three of his claims:  (1) violation of treaty rights; (2) breach of trust; and (3) reparations.[2]  The court addressed each of these claims in its prior opinion, and found that there was no jurisdiction for these claims in this court. At bottom, Mr. Jarvis is simply reasserting arguments that he has already made or raising arguments that he should have made when responding to the government's motion to dismiss. The court will nonetheless address Mr. Jarvis's principal arguments to the extent required to create a complete record for appellate review.[3]  As for Mr. Jarvis's insinuations that the undersigned acted with bias toward him and doubted his allegations regarding his ancestry, there is no truth to these assertions and they are unworthy of additional comment.

Turning first to Mr. Jarvis's reliance on the Treaty with the Cherokee of 1866, he identifies only one provision of the treaty, which, in his words, states that "[f]reedmen rights are inherent." Pl.'s Mot. 5; see also Treaty with the Cherokee art. 9, July 19, 1866, 14 Stat. 799 (stating that "all freedmen who have been liberated by voluntary act of their former owners or by law, as well as all free colored persons who were in the country at the commencement of the rebellion, and are now residents therein, or who may return within six months, and their descendants, shall have all the rights of native Cherokees").  As noted in the court's prior opinion, general statements of this nature in the Treaty with the Cherokee of 1866 do not establish a right for Mr. Jarvis to obtain monetary compensation from the United States. Because no provision of this treaty has been shown to be money-mandating so as to support this court's jurisdiction over the claims in Mr. Jarvis's complaint, his treaty rights claim was properly

---

[2]  Mr. Jarvis explains that his claim for unjust enrichment is a component of his breach-of-trust claim.  See Pl.'s Mot. 13 ("Plaintiff's unjust enrichment claims go to breach of trust by the United States . . . ."), 18 ("THE UNITED STATES HAVE BREACHED IT'S FIDUCIARY DUTIES WHEN IT UNJUSTLY ENRICHED AT THE EXPENSE OF PLAINTIFF JARVIS & FAILED TO DISBURSE FUNDS TO PLAINTIFF JARVIS AS AN AMERICAN CHEROKEE EXCLUDING PLAINTIFF FROM RESOURCES ENGAGING IN FRAUD AND CONVERSION[.]").

[3]  On September 21, 2021, Mr. Jarvis filed a notice of appeal to the United States Court of Appeals for the Federal Circuit.

dismissed.

The court now considers the breach-of-trust claim, which relies on Mr. Jarvis's status as an American Cherokee and the alleged trust relationship between the United States and indigenous Americans such as Mr. Jarvis.  Mr. Jarvis makes three distinct points.  He first asserts that there is no bar to an individual breach of trust claim brought by an individual Native American.[4]  The court does not dispute this point and indeed, in its prior opinion, the court did not distinguish between a breach-of-trust claim brought by a Native American tribe and a breach-of-trust claim brought by an individual Native American.

Second, Mr. Jarvis asserts that resources that should have been his are being provided, unjustly, to members of tribes who have, in his view, a less legitimate claim on those resources than he does.  This argument is founded on the alleged trust relationship between the United States and Mr. Jarvis:

> Plaintiff Jarvis, has alleged that the United States, has failed to faithfully perform those duties, with respect to fiduciary duties by breaching it's trust responsibility to Plaintiff Jarvis, resulting in compensable damages.  Likewise, the United States motion to dismiss should have been denied by this biased and racist judge in this case, as Plaintiff Jarvis, has alleged a facially, plausible claim for breach of trust sufficient for the Court to draw reasonable inferences that the United States is liable in money damages to Plaintiff Jarvis an American Cherokee Indian Indigenous to North America who has been excluded from the Indian trust fund and resources over 61 years, this court is also engaged in fraudulent acts that will be investigated as they are now excluding this Plaintiff from monies owed to him by the government.

Pl.'s Mot. 11 (reproduced as written).  However, as this court held in its prior opinion, Mr. Jarvis has not established that the United States is in a trust relationship with him under the two-part test set forth in United States v. Navajo Nation, 556 U.S. 287, 302 (2009).  In the absence of a fiduciary responsibility on the part of the United States, the court cannot consider a claim that Native American tribes are receiving trust funds that should have been directed to Mr. Jarvis.

Mr. Jarvis's last argument regarding his breach-of-trust claim addresses the sources of law that, in his view, establish the required trust relationship with the United States.  This aspect of his motion is not a model of clarity.  Mr. Jarvis again references, generally, the Treaty with the Cherokee of 1866, and includes a number of passages extracted from seminal court opinions that discuss the trust relationship that can be formed between the United States and Native Americans.  He mentions his birthright as an American Cherokee.  He alludes generally to circumstances where the United States has exercised elaborate control over a trust corpus belonging to a Native American tribe.  Nowhere in the motion, however, does he identify a

---

[4]  Mr. Jarvis, unlike the court, draws a distinction between the terms "Native American" and "American Indian."  Pl.'s Mot. 9-10, 14-15, 17, 19, 21.

specific statute or regulation that provides the foundation for the trust relationship he seeks to establish between the United States and persons in his circumstances.  Because Mr. Jarvis fails to establish that the jurisdictional requirements set forth in <u>Navajo Nation</u> have been met, he has not shown that the court erred when it dismissed his breach-of-trust claim.

Finally, Mr. Jarvis argues that jurisdiction lies for his reparations claim.  He notes, in particular, that he "is seeking restitution for historical wrongs."  Pl.'s Mot. 14.  He asserts that his reparations claim would provide relief for the "cultural deprivation of resources, [and would] repair harm caused by historical injustices."  <u>Id.</u> at 17.  He also alleges that he "has been excluded from the constitution and 1866 Treaties."  <u>Id.</u> at 16.  Yet nowhere in his motion does Mr. Jarvis identify a money-mandating source of law for his reparations claim.  Lacking such a source of law, Mr. Jarvis has not shown how the court erred in dismissing his reparations claim for lack of jurisdiction.

## IV.  CONCLUSION

Mr. Jarvis has not identified any reason to reconsider the court's ruling that it lacks jurisdiction over the claims stated in his complaint.  Accordingly, his motion for reconsideration is **DENIED**.  Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith because, as alleged, Mr. Jarvis's claims are clearly beyond the subject matter jurisdiction of this court.  The clerk's office shall **REJECT** any further filings in this case.

**IT IS SO ORDERED.**

MARGARET M. SWEENEY
Senior Judge